### COX vs. *MULHOLLAN.*

The surety on an appeal bond is not relieved by the appellee obtaining a mortgage, reviving his judgment against the appellant's heirs, &c.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The plaintiff states that he obtained a judgment against John M. Martin, now deceased ; that the present defendant became surety for the appeal, which was not prosecuted ; and that the judgment remains unsatisfied—wherefore he prayed judgment against the present defendant.

He pleaded the general issue, and that the plaintiff received a mortgage for his said debt, on a tract of land, which has since been sold as part of Martin's estate, for the common benefit of all his creditors, and particularly for

that of the plaintiff to the amount of his mort-
gage, and brought a much larger sum than the
plaintiff's debt; that the plaintiff has revived
his judgment against Martin's heirs.

There was judgment for the plaintiff and
the defendant appealed.

The plaintiff introduced in evidence the re-
cord of the original suit against Martin, the
appeal bond, and the certificate of the clerk of
the supreme court, that the appeal was not pro-
secuted.

The defendant introduced the mortgage al-
luded to in the answer; the classification of
the debts of Martin's estate by the court of
probates; the process verbal of the sale of the
property of the estate; the record of the suit of
*Cox* vs. *Martin's heirs*.

The plaintiff has fully established his case,
and the liability of the defendant. It is not
contended that he has received payment, and
that alone could extinguish his claim. Nei-
ther the mortgage nor the revival of the judg-
ment against the heirs of the principal debtor
can have this effect. The mortgage and the
revival of judgment against the heirs, add to
the security of the creditor, they do not dimin-
ish, in the least, the liability of the debtor.

West'n District
Sept. 1823.

Cox
*vs.*
Mulhollan.

This case is hardly to be distinguished from that of *Baldwin* vs. *Gordon's heirs*, determined in this court in September last—12 *Martin*, 378. If the plaintiff has gained any advantage by the mortgage, revival of the suit, or the sale of the mortgaged premises, the defendant after paying, will consider whether he be entitled to a subrogation.

Ii is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Johnston* for the plaintiff, *Thomas* for the defendant.